Pamela D. Weiss
Blair M. Christensen
Assistant Municipal Attorneys
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

KELSEY HOWELL, as P.R. for ESTATE OF DAN DEMOTT, JR.,

Plaintiff(s),

vs.

MUNICIPALITY OF ANCHORAGE, LUIS SOTO, and STEVEN E. CHILDERS,

Defendants.

Case No. 3:20-cv-000301 SLG

**NOTICE OF FILING AND DESIGNATION OF RECORD OF STATE COURT PROCEEDINGS**

Defendants, Municipality of Anchorage, Lt. Luis Soto, and Sgt. Steven E. Childers (Municipal Defendants), by and through the Municipal Attorney's Office, hereby give notice to the Court that they have filed copies of all records and proceedings conducted to date in the state court matter captioned *Kelsey Howell, as P.R. for Estate of Dan Demott, Jr. v. Municipality of Anchorage, et al.* Case No. 3AN-20-08892 CI, which is the subject of Municipal Defendants' Notice of Removal filed on December 3, 2020. A copy of each

document is attached hereto. The documents, including the date each document was filed or issued in the state Superior Court, are as follows:

| **#** | **Date** | **Party** | **Description of Document** |
|---|---|---|---|
| 1 | 11/4/2020 | Plaintiff | Complaint for Wrongful Death |
| 2 | 11/4/2020 | Plaintiff | Summons Issued to Sgt. Steven E. Childers |
| 3 | 11/4/2020 | Plaintiff | Summons Issued to the Municipality of Anchorage |
| 4 | 11/4/2020 | Plaintiff | Summons Issued to Lt. Luis Soto |

Respectfully submitted this 3rd day of December, 2020.

KATHRYN R. VOGEL
Municipal Attorney

By: s/Pamela D. Weiss &
Blair M. Christensen

Pamela D. Weiss
Alaska Bar No. 0305022
Assistant Municipal Attorney
Blair M. Christensen
Alaska Bar No. 0311088
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
E-mail: uslit@muni.org

Certificate of Service

The undersigned hereby certifies that on December 3, 2020, a true and correct copy of the foregoing was served on:

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

s/ Amber J. Cummings
Amber J. Cummings, Legal Secretary
Municipal Attorney's Office

Notice of Designation of Record
*Howell, Kelsey (P.R. for DeMott) v. MOA*; Case No. 3:20-cv-00301 SLG
Page 3 of 3

Jeff Barber
Barber & Associates, LLC
540 E 5th Ave.
Anchorage, AK 99501
(907) 276-5858
jeffb@alaskainjury.com
Attorneys for Plaintiff

COPY
Original Received
NOV - 4 2020
Clerk of the Trial Courts

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT IN ANCHORAGE

KELSEY HOWELL, as personal representative for the Estate of Dan A. Demott, Jr.,

Plaintiff,

vs.

MUNICIPALITY OF ANCHORAGE, LUIS SOTO, and STEVEN E. CHILDERS,

Defendants.

Case No. 3AN-08892 CI

## COMPLAINT

The plaintiff KELSEY HOWELL, by and through her attorneys Barber & Associates, LLC, and for her Complaint against the MUNICIPALITY OF ANCHORAGE, LUIS SOTO and STEVEN E. CHILDERS, hereby states and alleges as follows:

## JURISDICTION AND VENUE

1. At all times material hereto, the plaintiff was and is a resident of Anchorage, Alaska.

2. At all times material hereto, the Municipality of Anchorage is a municipality subject to the jurisdiction of the Third Judicial District.

3. At all times material hereto, Luis Soto was and is a resident of the Third Judicial District.

4. At all times material hereto, Steven Childers was and is a resident of the Third Judicial District.

5. The plaintiff is the daughter of Dan A. Demott, Jr. (Hereinafter "Dan Demott").

6. The plaintiff applies to be personal representative for the estate of Dan A. Demott, Jr.

7. At all times material hereto, Luis Soto was acting under color of law as a police officer for the Municipality of Anchorage.

8. At all times material hereto, Steven Childers was acting under color of law as a police officer for the Municipality of Anchorage.

## FACTUAL BACKGROUND

9. On November 5, 2018, Luis Soto and Steven Childers were on duty working as police officers for the Municipality of Anchorage when they were dispatched to plaintiff's home.

10. Earlier, around 7:17pm on November 5, 2018, other Anchorage police officers were

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

dispatched to 8511 Shrub Ct in response to a call from the plaintiff that her father Dan Demott had damaged curtains and was barricading the house.

11. At the scene, the plaintiff informed Anchorage police officers that Dan Demott had bipolar disorder and had recently been treated at Alaska Psychiatric Institute.

12. APD officers exited a number of people from the house and saw a man inside blocking windows.

13. One or more APD officers saw Dan Demott with purported sword and at another time holding a rifle which appeared to the officer to be a pellet gun.

14. APD officers never saw or heard that Dan Demott pointed a gun at anyone.

15. APD officers never saw or heard that Dan Demott threatened anyone with a sword.

16. APD officers never saw Dan Demott point a gun at them.

17. The only APD officer who indicated in their report that they heard Dan Demott threaten to harm an officer was Cornelius Pettus, although Officer Pettus did not see any firearm at the time.

18. The weather was below freezing.

19. Friends of Dan Demott told APD officers that they would like to talk to Dan Demott to help him.

20. Family members requested APD not to harm Dan Demott.

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

21. Obtaining pertinent information from friends and family members is necessary to assist officers in safely and effectively resolving a crisis situation.

22. When resolving a crisis situation with a mentally ill person, obtaining assistance from friends, family members, and/or medical providers is an effective method to de-escalate.

23. The APD officers did not enlist the help of Dan Demott's friends or family members who were at the scene to communicate with him and/or de-escalate.

24. The APD officers rejected Dan Demott's friends and family members offers to help.

25. The APD officers did not enlist the help of Dan Demott's mental health providers to communicate with him and/or de-escalate.

26. APD officers shouted at Dan Demott with a megaphone.

27. The APD officers knew or should have known that the temperature was less than 20 degrees outside.

28. The APD officers knew or should have known that hypothermia occurs when one's body temperature falls below 95 degrees.

29. The APD officers knew or should have known that warning signs of hypothermia include uncontrollable shivering, memory loss, disorientation, incoherence, slurred speech, drowsiness, and obvious exhaustion.

30. The APD officers knew or should have known that hypothermia can occur in as little as 10 or 15 minutes in very cold temperatures.

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

31. The APD officers knew or should have known that blowing out the windows of the house when it was 15 degrees was unreasonably dangerous for any occupants who remained inside for a prolonged length of time.

32. At or around 10:55pm, one or more APD officers shot 40mm ARWEN projectiles through the windows of the house at the direction of Luis Soto and/or Steven Childers.

33. At or around 11:36pm, one or more APD officers shot tear gas into the house at the direction of Luis Soto and/or Steven Childers.

34. After shooting tear gas into the house, the remaining occupant besides Dan Demott, Mike Girardin, exited the house and indicated to an APD officer that Dan Demot was having a "Vietnam flashback," had referred to the crawlspace as the "bunker," and encouraged Mr. Girardin to go into the crawlspace, but Mr. Girardin declined because it was too cold in the crawlspace.

35. Mr. Girardin indicated to APD officers that Dan Demott went into the crawlspace.

36. At or around 12:43am, one or more APD officers shot more tear gas into the house at the direction of Luis Soto and/or Steven Childers.

37. At or around 2:09am, one or more APD officers set up a battering ram and used it to enter the house.

38. Dan Demott died from hypothermia resulting from prolonged exposure to cold and APD officers found him deceased in the crawlspace.

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

temperatures.

39. The APD officers knew or should have known that Dan Demott suffered from mental illness.

40. The APD officers knew or should have known that Dan Demott had not taken his medications.

41. The APD officers knew or should have known that Dan Demott's mental illness impaired his ability to rationally respond to escalation of force, including but not limited to shooting ballistics rounds into the house, blowing out windows, and shooting tear gas into the house.

42. When APD shot the second round of tear gas into the house at or around 12:43am, they knew or should have known that it was approximately 15 degrees outside.

43. When APD shot the second round of tear gas into the house at or around 12:43am, they knew or should have known that Dan Demott was alone in the house.

44. When APD shot the second round of tear gas into the house at or around 12:43am, they knew or should have known that Dan Demott was not an imminent threat to anyone.

45. When APD shot the second round of tear gas into the house at or around 12:43am, they knew or should have known that it had been more than an hour since Michael Girardin had indicated that Dan Demott was not wearing a shirt.

46. When APD shot the second round of tear gas into the house at or around 12:43am,

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

they knew or should have known that Dan Demott had likely gone into the crawlspace.

47. When APD shot the second round of tear gas into the house at or around 12:43am, they knew or should have known that they had previously blown out the windows with ballistic rounds and/or tear gas for more than an hour and the house was likely very cold.

48. When APD shot the second round of tear gas into the house at or around 12:43am, they knew or should have known that there was likely no heat in the crawl space.

49. When APD shot the second round of tear gas into the house at or around 12:43am, they knew or should have known that Dan Demott was a mentally ill person who had not taken his medication.

50. When APD shot the second round of tear gas into the house at or around 12:43am, they knew or should have known that Dan Demott was likely hypothermic.

51. When APD shot the second round of tear gas into the house at or around 12:43am, they knew or should have known that Dan Demott likely needed medical attention.

52. When APD shot the second round of tear gas into the house at or around 12:43am, they knew or should have known that Dan Demott was unlikely to comply.

53. When APD shot the second round of tear gas into the house at or around 12:43am, they knew or should have known that doing so was unreasonable.

54. The defendants lacked adequate training and/or supervision with respect to de-escalating crisis situations with individuals with mental illness.

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

## CAUSES OF ACTION

55. The Municipality of Anchorage is liable for the actions and/or failures to act of its employees acting in the course and scope of their employment under theories of vicarious liability and/or respondeat superior.

56. The Fourth Amendment guarantees the right to be free from unreasonable seizure.

57. The defendants owed a duty to exercise reasonable care toward Dan Demott.

58. On or about November 5, 2018, the defendants used excessive force when arresting Dan Demott in Anchorage, Alaska, causing serious injury and his death for which the defendants are liable.

59. The defendants failed to use reasonable de-escalation techniques with respect to a crisis situation involving a mentally ill person, including but not limited to enlisting the help of family, friends, and/or mental health providers.

60. The defendants unreasonably escalated force.

61. The defendants unreasonably disregarded known risks which was a substantial factor in causing harm to Dan Demott.

62. The defendants' negligence and/or gross negligence and/or recklessness and/or malicious conduct was a substantial factor in causing harm to the plaintiff for which the defendants are liable.

63. Luis Soto and Steven Childers were agents of the Municipality.

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

64. Luis Soto and Steven Childers were acting under color of law in the course and scope of their duties for the Municipality and acting pursuant to its policies, customs and practices when they engaged in excessive force.

65. Luis Soto and Steven Childers were trained, and/or supervised and/or taught that using excessive force was objectively unreasonable and in violation of the Dan Demott's rights.

66. Luis Soto and Steven Childer's escalation of force with ballistics, failure to de-escalate by enlisting friends, family members or mental health providers, and disregard of known risks with respect to Dan Demott were offensive to human dignity.

67. The defendants are liable for actions which constitute excessive force in violation of the State and U.S. Constitutions and laws;

68. The defendants are liable for violating the rights of Dan Demott to be free from unreasonable seizure guaranteed by the Alaska Constitution and the United States Constitution, 4th Amendment to the U.S. Constitution, U.S. Statute 42 Section 1983, and United States of America Common Law.

69. The defendants acted in a manner which was unreasonable because it created a great and unjustified and unnecessary danger of serious bodily injury and death to Dan Demott resulting in harm in violation of his constitutional rights.

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

70. The defendants engaged in reckless and capricious conduct that was unreasonable and/or unnecessarily dangerous and/or was with deliberate indifference and/or shocks the conscience.

71. The defendants' unreasonable, reckless, dangerous and unconstitutional actions without justification directly caused Dan Demott to suffer great physical, emotional injury and death for which defendants are liable.

72. Luis Soto and Steven Childers' acts and omissions evidenced reckless disregard to the interests of Dan Demott and/or were outrageous and entitle plaintiff to exemplary or punitive damages.

73. Luis Soto and Steven Childers' conduct with regard to Dan Demott was so egregious that any reasonable Officer would have known this conduct was unlawful.

74. Luis Soto and Steven Childers' conduct regarding Dan Demott was willful, reckless, or intentional misconduct, or was done with gross negligence or malice, entitling plaintiff to damages, including punitive damages.

75. To the extent that Luis Soto and Steve Childer's misconduct described herein so clearly violated U.S. and Alaska law as to which they had clear notice, they were not acting within the scope of their employment, but merely under color of law.

76. The defendants are liable for negligent training and/or supervision which was a substantial factor in causing harm to Dan Demott for which defendants are liable.

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

77. The defendants are liable for negligence and/or gross negligence and/or recklessness which was a substantial cause of harm and wrongful death to Dan Demott pursuant to AS 09.55.570 and AS 09.55.580.

78. The defendants are liable for past and/or future: pain, suffering, emotional distress, loss of capacity for enjoyment of life, inconvenience, wrongful death, loss of consortium, loss of society, damages pursuant to AS 09.55.570 and AS 09.55.580, and other non-pecuniary damages to be more fully set forth at trial, all in an amount greater than $100,000 (ONE HUNDRED THOUSAND DOLLARS), the exact amount to be set by the trier of fact.

79. Luis Soto and Steven Childers are liable for exemplary or punitive damages for conduct evidencing reckless disregard to the interests of Dan Demott and/or outrageous conduct.

80. Luis Soto and Steven Childers are liable to the plaintiff for damages pursuant to 42 U.S.C. § 1983.

81. Luis Soto and Steven Childers are liable for attorneys fees and litigation expenses pursuant to 42 U.S.C. § 1988.

82. The plaintiff requests injunctive relief compelling the defendants to implement

improved training and/or policies and/or procedures regarding crisis situations with people suffering from mental illness, including but not limited to enlisting friends, family and/or medical providers and alternatives to unreasonable escalation of force.

WHEREFORE, having fully pled plaintiff's complaint, the plaintiff requests a judgment against the defendants for an amount greater than $100,000 (ONE HUNDRED THOUSAND DOLLARS) to be established by the trier of fact, plus interest, costs and attorney fees, injunctive relief described above, and such other relief as the court deems just.

DATED at Anchorage, Alaska this 4th day of November, 2020.

BARBER & ASSOCIATES, LLC
Attorneys for Plaintiff

By:_______________________
JEFF BARBER
AK Bar #0111058

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

KELSEY HOWELL, AS P.R. for ESTATE OF DAN DEMOTT, JR.,

Plaintiff,

vs.

MUNICIPALITY OF ANCHORAGE, LUIS SOTO, and STEVEN E. CHILDERS.

Defendants.

CASE NO. 3AN-20-

SUMMONS AND NOTICE TO BOTH PARTIES OF JUDICIAL ASSIGNMENT

To Defendant: STEVEN E. CHILDERS

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at **825 W. 4th Avenue, Anchorage, AK 99501** within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) **JEFF BARBER**, whose address is: **540 E Fifth Avenue, Anchorage, AK 99501.**

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form Notice of Change of Address / Telephone Number (TF-955), available at the clerk's office or on the court system's website at www.courts.alaska.gov/forms.htm, to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R.Civ. P. 5(I).

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[X] This case has been assigned to Superior Court Judge Garnett and to a magistrate judge.
□ This case has been assigned to District Court Judge ________.

CLERK OF COURT

11/04/20
Date

By [signature]
Deputy Clerk

I certify that on 11/04/20 a copy of this Summons was [ ] mailed [X] given to
[ ] plaintiff [X] plaintiff's counsel along with a copy of the
[ ] Domestic Relations Procedural Order [ ] Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk [signature]

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside of the United States, you also have 40 days to file your answer.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

KELSEY HOWELL, AS P.R. for ESTATE OF DAN DEMOTT, JR.,

Plaintiff,

vs.

MUNICIPALITY OF ANCHORAGE, LUIS SOTO, and STEVEN E. CHILDERS.

Defendants.

CASE NO. 3AN-20- 08892CI

SUMMONS AND '20 NOV 10 A11 :07
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

RECEIVED MUNICIPAL ATTORNEY

To Defendant: MUNICIPALITY OF ANCHORAGE

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at **825 W. 4th Avenue, Anchorage, AK 99501** within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) **JEFF BARBER**, whose address is: **540 E Fifth Avenue, Anchorage, AK 99501.**

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form Notice of Change of Address / Telephone Number (TF-955), available at the clerk's office or on the court system's website at www.courts.alaska.gov/forms.htm, to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R.Civ. P. 5(I).

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[X] This case has been assigned to Superior Court Judge Gandbhir and to a magistrate judge.

[ ] This case has been assigned to District Court Judge ______________.

SEAL OF THE TRIAL COURTS OF THE STATE OF ALASKA THIRD JUDICIAL DISTRICT

11/04/20
Date

CLERK OF COURT

By: [signature]
Deputy Clerk

I certify that on 11/04/20 a copy of this Summons was [ ] mailed [X] given to [ ] plaintiff [X] plaintiff's counsel along with a copy of the [ ] Domestic Relations Procedural Order [ ] Civil Pre-Trial Order to serve on the defendant with the summons.

Deputy Clerk [initials]

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside of the United States, you also have 40 days to file your answer.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

KELSEY HOWELL, AS P.R. for ESTATE OF DAN DEMOTT, JR.,

Plaintiff,

vs.

MUNICIPALITY OF ANCHORAGE, LUIS SOTO, and STEVEN E. CHILDERS.

Defendants.

CASE NO. 3AN-20-

SUMMONS AND NOTICE TO BOTH PARTIES OF JUDICIAL ASSIGNMENT

To Defendant: LUIS SOTO

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at **825 W. 4th Avenue, Anchorage, AK 99501** within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) **JEFF BARBER**, whose address is: **540 E Fifth Avenue, Anchorage, AK 99501.**

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form Notice of Change of Address / Telephone Number (TF-955), available at the clerk's office or on the court system's website at www.courts.alaska.gov/forms.htm, to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R.Civ. P. 5(I).

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[x] This case has been assigned to Superior Court Judge Gandbhir and to a magistrate judge.

[ ] This case has been assigned to District Court Judge ______.

CLERK OF COURT

11/04/20
Date

By: [signature]
Deputy Clerk

SEAL OF THE TRIAL COURTS OF THE STATE OF ALASKA THIRD JUDICIAL DISTRICT

I certify that on 11/04/20 a copy of this Summons was [ ] mailed [x] given to [ ] plaintiff [x] plaintiff's counsel along with a copy of the [ ] Domestic Relations Procedural Order [ ] Civil Pre-Trial Order to serve on the defendant with the summons.

Deputy Clerk [signature]

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside of the United States, you also have 40 days to file your answer.