Pamela D. Weiss
Blair M. Christensen
Assistant Municipal Attorneys
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

*Attorneys for Municipal Defendants*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KELSEY HOWELL, as P.R. for ESTATE OF DAN DEMOTT, JR., <br><br> Plaintiff(s), <br><br> vs. <br><br> MUNICIPALITY OF ANCHORAGE, LUIS SOTO, and STEVEN E. CHILDERS, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> Case No. 3:20-cv-00301-SLG |

## ANSWER OF MUNICIPAL DEFENDANTS

Defendants Municipality of Anchorage, Luis Soto and Seven E. Childers (collectively "Municipal Defendants"), by and through the Municipal Attorney's office, answer plaintiff's complaint paragraph by paragraph as follows:

## JURISDICTION AND VENUE

1.      Municipal Defendants lack information and belief sufficient to form an answer to the allegation contained in paragraph 1.

2.      In response to the allegation contained in paragraph 2, the Municipality admits its boundaries are within the Third Judicial District for the State of Alaska.  However, the U.S. District Court has jurisdiction over the matter and the District of Alaska is the appropriate venue for this action.

3.      In response to the allegation contained in paragraph 3, Municipal defendants admit that at all relevant times Luis Soto was a resident of the State of Alaska in the Third Judicial District for the State of Alaska.  However, the U.S. District court has jurisdiction over the matter and the District of Alaska is the appropriate venue for this action.

4.      In response to the allegation contained in paragraph 4, Municipal Defendants admit that at all relevant times Steven Childers was a resident of the State of Alaska in the Third Judicial District for the State of Alaska.  However, the U.S. District court has jurisdiction over the matter and the District of Alaska is the appropriate venue for this action.

5.      Municipal Defendants lack information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 5.

6.      On information and belief, Municipal Defendants admit that Kelsey Howell has applied to be the Personal Representative of the Estate of Dan Demott.

7.      In response to the allegation contained in paragraph 7, Municipal Defendants admit that Luis Soto was employed by the Anchorage Police Department (APD) as a police officer at the time of the events giving rise to this Complaint.  Municipal Defendants deny any other allegations that may be contained in this paragraph.

8.      In response to the allegation contained in paragraph 8, Municipal Defendants

admit that Steven Childers was employed by the APD as a police officer at the time of

the events giving rise to this Complaint.  Municipal Defendants deny any other

allegations that may be contained in this paragraph.

## FACTUAL BACKGROUND

9.      In response to the allegation contained in paragraph 9, Municipal Defendants

admit that Luis Soto and Steven Childers responded to a SWAT call out at 8511 Shrub

Court in connection with their duties as police officers for the Municipality of

Anchorage.  Municipal Defendants deny any other allegations that may be contained in

this paragraph.

10.     In response to the allegations contain in paragraph 10, Municipal Defendants

admit that APD officers were dispatched to the residence at 8511 Shrub Court following

a 911 call from Kelsey Howell in which she stated her father was "ripping down

curtains" and "barricading the front door" and needs to go to API.  However, Municipal

Defendants deny that these statements reflect the entirety of the statements made in that

call.

11.     In response to the allegations contained in paragraph 11, Municipal Defendant

admit that Kelsey Howell informed dispatchers that her father is "bipolar and manic

depressive" and had been in and out of Alaska Psychiatric Institute (API).  Municipal

Defendants further admit she made additional statements to officers at the scene

concerning her father but deny that the allegations contained in this paragraph represent

the complete content of her statements to officers.

12.     In response to the allegations contained in paragraph 12, Municipal Defendants admit that all the individuals inside the residence exited after being requested except for Mr. Demott and a man later identified as Michael ("Mike") Girardin. Municipal Defendants also admit Mr. Demott was seen covering the windows in an effort to conceal the view from the exterior.

13.     Municipal Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 with respect to every officer at APD. However, Municipal defendants admit that that Soto and Childers had been advised that Mr. Demott had swords and rifles, including a pellet gun, in the residence.

14.     Municipal Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 with respect to every officer at APD. Municipal Defendants admit that neither Soto nor Childers observed Mr. Demott pointing a gun at any individuals.  In fact, Soto could not have made any personal observations of Mr. Demott since was never at the residence.

15.     Municipal Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 with respect to every officer at APD. However, officers had limited ability to view the events in the residence since Mr. Demott had covered the windows to obscure the view. Municipal Defendants admit that neither Soto nor Childers observed Mr. Demott threatening any individuals with a sword. In fact, Soto could not have made any personal observations of Mr. Demott since was never at the residence.

16.     Municipal Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 with respect to every officer at APD. Municipal Defendants admit that Soto and Childers did not see Mr. Demott point a weapon at them.  In fact, Soto could not have made any personal observations of Mr. Demott since was never at the residence.

17.      In response to the allegations contained in paragraph 17, Municipal Defendants admit only that Officer Pettus' report indicates that another officer observed Mr. Demott with a rifle.   Municipal Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 with respect to every officer at APD.

18.     On information and belief, Municipal Defendants admit that the outside temperature was below 32 degrees Fahrenheit during the time of the events giving rise to the Complaint.

19.     Municipal Defendants lack information sufficient to form a belief as to the truth or falsity of this allegation and therefore deny the same.

20.     Municipal Defendants lack information sufficient to form a belief as to the truth or falsity of this allegation and therefore deny the same.

21.     In response to the allegation contained in paragraph 21, Municipal Defendants admit only that officers gather all information available to them, including information friends and family may have, in order to determine how best to respond to a particular situation.  Municipal Defendants assert that officers can only consider the information

and circumstances known to them at the time of the events. Municipal Defendant deny any other allegations that may be contained in paragraph 21.

22. In response to the allegation contained in paragraph 22, Municipal Defendants admit only that those individuals may have information that can be useful for negotiators. However, Municipal Defendants deny the allegations as stated in paragraph 22.

23. Municipal Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 with respect to every officer at APD. Municipal Defendants admit only that neither Soto nor Childers had any direct communications with friends and family members; accordingly, they deny the allegations stated in paragraph 23.

24. Municipal Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 with respect to every officer at APD. Municipal Defendants deny the allegations in paragraph 24 as to Soto and Childers as they had no direct communications with the friends and family members and therefore deny the allegations contained in paragraph 24.

25. Municipal Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 with respect to every officer at APD. However, Municipal Defendants admit that neither Childers nor Soto spoke to any mental health providers as no such individuals were identified. Municipal Defendants deny any other allegations that may be contained in paragraph 25.

26. In response to the allegation contained in paragraph 26, Municipal Defendants admit only that one or more officers made announcements on a PA system in attempt to

convince Mr. Demott to exit the home peacefully. Municipal Defendants deny any other allegations that may be contained in this paragraph.

27. Municipal Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 with respect to every officer at APD. Notwithstanding, see response to paragraph 18.

28. Municipal Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 with respect to every officer at APD.

29. Municipal Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 with respect to every officer at APD. Municipal Defendants deny that Soto or Childers observed any such behavior or action by Mr. Demott. Indeed, Soto did not make any direct observations of Mr. Demott since he was not at the residence.

30. Municipal Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 with respect to every officer at APD.

31. Municipal Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 with respect to every officer at APD. Notwithstanding, Municipal Defendants deny that any of the officers too actions that constituted "blowing out the windows" or that any actions taken by officers were unreasonably dangerous.

32. In response to the allegations contained in paragraph 32, Municipal Defendants admit only that at approximately 10:55pm members of the SWAT team delivered "knock-knocks" and initiated deployment of less lethal rounds. Municipal Defendants

deny that Soto and Childers alone made decisions about which tactics to employ or when to take particular actions. Municipal Defendants further deny any other allegations contained in this paragraph.

33.     In response to the allegations contained in paragraph 33, Municipal Defendants admit only that gas was deployed into the residence in an attempt to arrest Mr. Demott, who continued to refuse to exit the home. Municipal Defendants deny that Soto and Childers alone made decisions about which tactics to employ or when to take particular actions. Municipal Defendants deny the remaining allegations contained in this paragraph.

34.     In response to the allegations contained in paragraph 34, Municipal Defendants admit that Mr. Girardin exited the home after the first deployment of gas. Municipal Defendants further admit that Mike Girardin made various statements at various times concerning the events that occurred in the home. Municipal Defendant continue to investigate the content of those statements and are unable to admit or deny the exact content those statement at this time. The content of those statements speak for themselves.

35.     In response to the allegation contained in paragraph 35, Municipal Defendants are unable to admit or deny the allegation and therefore deny the same. The content of any statements Mr. Girardin made speak for themselves.

36.     In response to the allegations contained in paragraph 36, Municipal Defendants admit that gas was deployed a second time into the home. Municipal Defendants deny that Soto and Childers alone made decisions about which tactics to employ or when to

take particular actions.  Municipal Defendants deny any other allegations contained in this paragraph.

37.     In response to the allegation contained in paragraph 37, Municipal Defendants admit that a ram system was set up on the BEAR vehicle but that officers were unable to access the front door with BEAR and so officers employed a hand ram in order to gain access to the home, whose doors had been barricaded by Mr. Demott. Municipal Defendants deny any other allegations that may be contained in this paragraph.

38.     In response to the allegations contained in paragraph 38, Municipal Defendants admit that APD officers found Mr. Demott deceased in the crawlspace and that the Medical Examiner listed the cause of death as "Hypothermia/drowning due to submersion of body in water in house crawl space."  Municipal Defendants deny any other allegations that may be contained in paragraph 38.

39.     In response to the allegations contained in paragraph 39, Municipal Defendants admit only that Kelsey Howell had informed dispatch in her 911 call and Ofc. Perez in his contact with her at the scene that Mr. Demott suffered from mental illness.  Municipal Defendants admit that Soto and Childers were aware of the reports that he suffered from mental illness.  Municipal Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 39 with respect to every officer at APD.

40.     Municipal Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 40 with respect to every officer at APD. Municipal Defendants admit that Soto and Childers had heard reports that Mr. Demott

may not have been properly taking his medication at the time of the incident. Municipal Defendant deny any other allegations that may be contained in this paragraph.

41. Municipal Defendants deny the allegations contained in paragraph 41. It is impossible for any officer to predict what an individual may do. However, Municipal Defendants admit that because they knew that Mr. Demott suffered from mental illness they proceeded slowly and safely.

42. In response to the allegations contained in paragraph 42, Municipal Defendants admit that the temperature outside was below 32 degrees Fahrenheit during all the events giving rise to the litigation. Municipal Defendants lack specific information as to the exact temperature at any given time and therefore are unable to admit or deny the assertion regarding the temperature. Further, Municipal Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 with respect to every other officer at APD.

43. In response to the allegation contained in paragraph 43, Municipal Defendants admit that when the members of the SWAT team introduced gas into the home the second time, it was believed that Mr. Demott was the only person in the residence. Municipal Defendants deny any other allegations that may be contained in this paragraph.

44. In response to the allegations contained in paragraph 44, Municipal Defendants admit only that no determination was made that Mr. Demott presented an imminent threat. Municipal Defendants deny any other allegations that may be contained in this paragraph.

45. Municipal Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 with respect to every officer at APD. Municipal Defendants deny that Soto and Childers had specific information concerning Mr. Demott's clothing or lack thereof and therefore deny the allegations contained in this paragraph.

46. Municipal Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 with respect to every officer at APD. Municipal Defendants deny that Soto and Childers had specific information about the crawlspace or its condition to support any inference concerning Mr. Demott's actions.

47. Municipal Defendant deny the allegations contained in paragraph 47.

48. Municipal Defendants deny the allegations contained in paragraph 48.

49. Municipal Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 49 with respect to every officer at APD. Municipal Defendants admit that Soto and Childers were aware of reports that Mr. Demott suffered from mental illness and may not have taken medications, but deny any other allegations that may be contained in this paragraph.

50. Municipal Defendants deny the allegation contained in paragraph 50. No officer knew Mr. Demott's condition since he refused to exit the premises, he made efforts to obscure the view into the house, and he did not respond to APD's announcements on the PA system.

51.     Municipal Defendants deny the allegation contained in paragraph 51. No officer knew Mr. Demott's condition since he refused to exit the premises, he made efforts to conceal the view inside, and there was no way to contact him.

52.     Municipal Defendants deny the allegation contained in paragraph 52. No officer knew Mr. Demott's mental state since condition since he refused to exit the premises, he made efforts to obscure the view into the house, and he did not respond to APD's announcements on the PA system.

53.     Municipal Defendants deny the allegation contained in paragraph 53. Municipal Defendants affirmatively assert that their actions at that time were reasonable and constitute appropriate use of force to effectuate the arrest of Mr. Demott pursuant a validly issued warrant.

54.     Municipal Defendants deny the allegations contained in paragraph 54.

## CAUSES OF ACTION

55.     This paragraph does not contain a factual statement but purports to give a legal conclusion and therefore does not require a response. To the extent a response is required, however, Municipal Defendants deny this constitutes an accurate statement of the law as there is no vicarious liability for claims brought against officers under 42 U.S.C. §1983.

56.     This is a statement to which no response is required. To the extent a response is required, Municipal Defendant deny their seizure of Mr. Demott was unreasonable.

57.     This is a statement to which no response is required.  To the extent that a response is required, Municipal Defendants deny they have a duty to protect Demott from conditions of which they have no actual or constructive knowledge.

58.   Municipal defendants deny the allegation contained in paragraph 58.

59.   Municipal Defendants deny the allegation contained in paragraph 59.

60.   Municipal Defendants deny the allegation contained in paragraph 60.

61.   Municipal defendants deny the allegation contained in paragraph 61.

62.   Municipal defendants deny the allegation contained in paragraph 62.

63.   In response to the allegations contained in paragraph 63, Municipal Defendants admit only that Soto and Childers were at the relevant time employed by APD as police officers.

64.   In response to the allegations contained in paragraph 64, Municipal Defendants admit only that Soto and Childers acted in accordance with their training and APD's policies and procedures. Municipal Defendants deny they utilized excessive force and further deny any other allegations that may be contained in this paragraph.

65.   In response to allegations contained in paragraph 65, the Municipality admits that officers receive training with respect to use of force and the appropriate legal standard. To the extent this paragraph purports to state the legal standard for use of force, no response is required.  However insofar as a response is required, Municipal Defendants deny that the content of the statement is a correct statement of the law.

66.   Municipal Defendants deny the allegations contained in paragraph 66.

67.   Municipal Defendants deny the allegations contained in paragraph 67.

68.   Municipal Defendants deny the allegations contained in paragraph 68.

69.   Municipal Defendants deny the allegations contained in paragraph 69.

70.   Municipal Defendants deny the allegations contained in paragraph 70.

Answer
*Howell, Kelsey (P.R. for Demott) v. MOA*; Case No. 3:20-cv-00301-SLG
Page 13 of 17
Case 3:20-cv-00301-SLG   Document 12   Filed 02/04/21   Page 13 of 17

71.     Municipal Defendants deny the allegations contained in paragraph 71.

72.     Municipal Defendants deny the allegations contained in paragraph 72.

73.     Municipal Defendants deny the allegations contained in paragraph 73.

74.     Municipal Defendants deny the allegations contained in paragraph 74.

75.     Municipal Defendants deny the allegations contained in paragraph 75.

76.     Municipal Defendants deny the allegations contained in paragraph 76.

77.     Municipal Defendants deny the allegations contained in paragraph 77.

78.     Municipal Defendants deny the allegations contained in paragraph 78.

79.     Municipal Defendants deny the allegations contained in paragraph 79.

80.     Municipal Defendants deny the allegations contained in paragraph 80.

81.     Municipal Defendants deny the allegations contained in paragraph 81.

82.     This is a statement of relief sought by plaintiff, to which no response is required.

## AFFIRMATIVE DEFENSES

1.     One or more of plaintiff's claims fail to state a claim on which relief can be granted.

2.     One or more of plaintiff's claims may be barred by the statute of limitations or the doctrine of laches.

3.     The conduct of Municipal Defendants of which plaintiff complains was justified given the circumstances.

4.     The conduct of Municipal Defendants of which plaintiff complains was justified under Alaska Statute.  *See e.g.* AS 11.81.370.

5.      Municipal Defendants acted in a manner that was proper, reasonable, lawful, and in good faith.

6.      Municipal Defendants had no duty to protect plaintiff from conditions of which they had no actual or constructive knowledge.

7.      Under AS 9.17.080, plaintiff's injuries, if any, were caused, in whole or in part by the acts or omissions of persons or entities, including plaintiff himself, over which Municipal Defendants have no responsibility or control.

8.      Municipal Defendants had no duty to plaintiff.

9.      Pursuant to AS 9.65.070(d)(1), Municipal Defendants are immune from liability for the acts of which plaintiffs complain.

10.     Soto and Childers are not liable for actions they did not take.

11.     Soto and Childers acted pursuant to a valid warrant.

12.     Municipal Defendants are immune under doctrine of absolute and/or qualified immunity.

13.     The Municipality cannot be liable under theory of respondeat superior under 42 U.S.C. § 1983.

14.     Punitive damages are not available against the Municipality.

15.     APD training and supervision is adequate in relation to the tasks they must perform.

16.     Plaintiff may only recover those damages as outlined in AS 9.55.580(c)

17.     Plaintiff's injuries, if any, were the result of preexisting medical and/or emotional conditions or otherwise were not caused by Municipal Defendants in this action.

18.     Plaintiff cannot establish entitlement to injunctive relief.

19.     Municipal Defendants reserve the right to assert such other and additional affirmative defenses as may be discovered during the investigation and defense of this action.

## RELIEF REQUESTED

WHEREFORE the Municipal Defendants respectfully request relief as follows:

1.      For judgment in favor of Municipal Defendants and against plaintiff dismissing this action with prejudice;

2.      For judgment awarding the Municipal Defendants their costs and attorney's fees incurred in this action; and

3.      For such other relief as this Court deems just and equitable.

Respectfully submitted this 4th day of February, 2021.

KATHRYN R. VOGEL
Municipal Attorney

By:     s/Pamela D. Weiss &
        Blair M. Christensen
        Pamela D. Weiss
        Alaska Bar No. 0305022
        Assistant Municipal Attorney
        Blair M. Christensen
        Alaska Bar No. 0311088
        Assistant Municipal Attorney
        Municipal Attorney's Office
        P.O. Box 196650
        Anchorage, Alaska 99519-6650
        Phone: (907) 343-4545
        Fax: (907) 343-4550
        E-mail: uslit@muni.org

Certificate of Service
The undersigned hereby certifies that on February 4, 2021, a
true and correct copy of the foregoing was served on the parties
by electronic means through the ECF system as indicated on
the Notice of Electronic Filing.

s/ Amber J. Cummings
Amber J. Cummings, Legal Secretary
Municipal Attorney's Office