Pamela D. Weiss
Blair M. Christensen
Assistant Municipal Attorneys
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KELSEY HOWELL, as P.R. for ESTATE OF DAN DEMOTT, JR., <br><br> Plaintiff(s), <br><br> vs. <br><br> MUNICIPALITY OF ANCHORAGE, LUIS SOTO, and STEVEN E. CHILDERS, <br><br> Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br> Case No. 3:20-cv-00301-SLG |

## MOTION TO STRIKE EXPERT WITNESSES

Pursuant to Fed.R.Civ.P. 26(a)(2)(C) and Fed.R.Civ.P. 37(c)(1), defendant Municipality of Anchorage moves to strike specific expert witnesses named in Howell's "*Revised Final Discovery Witness List And Other Expert Opinion Testimony Summary*"

(attached as Exhibit A).  Specifically, this motion seeks to exclude[1] the following expert witnesses:

1. Erin Callahan, ANP
2. Desiree Alvarez, RN
3. Kristi Meyer, PSS
4. Michael Alexander, MD
5. Lee Ann Gee, MD
6. Paul Cascio, LCSW
7. Nicholas R. Baker, PA-C
8. Cynthia D. Montgomery, ANP
9. unnamed "Medical Provider(s)" at Alaska Native Medical Center
10. unnamed "Medical Provider(s)" at Alaska VA Healthcare System

As to the so called "medical providers" identified as such, not only has Howell failed to identify any facts or opinions they might offer at trial, but she has failed to even provide the witnesses' names.  *See* Exhibit A.  As to Kristi Meyer, Michael Alexander, Lee Ann Gee, Paul Cascio, Nicholas R. Baker, and Cynthia D. Montgomery, no valid contact information has been disclosed.  Declaration of S. Halloran; State of Alaska Employee Directory screenshots, attached as Exhibit D.  More importantly, as to each of the so-called experts listed above, the plaintiff's "Expert Opinion Summary" fails to even hint at the content of any opinions they might offer.[2]  Exhibit A.  These witnesses should be stricken

---

[1] To the extent that any of these individuals may be records custodians for records that are otherwise admissible, this motion does not seek to limit the ability of the named witnesses to authenticate documents.

[2] "Treating physicians and treating nurses must be designated as experts if they are to provide expert testimony." *Musser v. Gentiva Health Services,* 356 F.3d 751, 758 (7th Cir. 2004). However, when the expert testimony of medical providers is unjustifiably not disclosed under Rule 26, "the exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1)". *Id.*

where Howell has failed to articulate any specific admissible evidence they might be able to provide at trial.

A. **Howell Has Failed To Disclose Her Expert Witness Testimony.**

Civil Rule 26 demands that "In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705".[3] "If the witness is not required to provide a written report, this disclosure must state:

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.[4]

Howell has utterly failed to meet this requirement.

Howell's "*Preliminary Witness List And Other Expert Opinion Summary*" did not disclose any expert witnesses, but only advised that one or more of "Dan Demott's medical providers" at API "and/or" the Veterans Administration would testify as experts in this matter. *See* Exhibit C.

Howell's "*Final Discovery Witness List and Other Expert Opinion Summary*" disclosed the existence of her retained expert in the field of police practices,[5] but still failed to identify any other individuals who might testify as experts at trial. *See* Exhibit B. To

---

[3] Fed.R.Civ. P. 26(a)(2)(A).
[4] Fed.R.Civ.P. 26(a)(2)(C).
[5] Dennis Waller is not the subject of this motion.

the contrary, that disclosure, like the preliminary witness list before it, indicated that one or more unnamed "medical provider(s)" from the Alaska VA Healthcare System and API would testify as experts. *Id*. Unlike the prior list, however, the "final" witness list also provided the institutional contact information for the VA and API facilities. *Id.* It did not name the witnesses, did not identify any subject matter on which the unnamed witnesses were expected to present evidence, and did not provide any summary of the facts and opinions to which the witnesses were expected to testify. *Id.*

Howell's latest witness list, her "*First Revised Final Discovery Witness List and Other Expert Opinion Summary*", still fails to offer any specificity about the scope of proposed testimony. Exhibit A. As to Erin Callahan, Desiree Alvarez, Kristi Meyer, Michael Alexander, Lee Ann Gee, Paul Cascio, Nicholas R. Baker, and Cynthia D. Montgomery, Howell's "Expert Opinion Testimony Summary" merely stated that the witness was a:

> Behavioral health provider expected to have information about his [her] patient Daniel Demott consistent with information provided in his APD records, and who would have provided assistance had APD contacted him [her].

Exhibit A. A statement that the witness has knowledge of Mr. Demott does not reveal anything about the subject matter on which the witness is expected to present expert testimony. A statement that information possessed by the witness is "consistent with" information contained in unidentified "APD records" similarly reveals nothing about any expert testimony that might be anticipated. Moreover, even if it was true that these

Motion to Strike Expert Witnesses
*Howell (PR for Demott) v. MOA, et al.*; 3:20-cv-00301-SLG
Page 4 of 8

Case 3:20-cv-00301-SLG   Document 26   Filed 03/16/22   Page 4 of 8

witnesses would have assisted the police in their effort to arrest Mr. Demott – and the Declarations of Erin Callahan and Desiree Alvarez make clear that the assertion is false – there is still no hint of any expert opinions that might be offered. As such, Howell has utterly failed to meet her burden of disclosing expert witness testimony under Civil Rule 26(a)(2)(A).

With respect to Erin Callahan and Desiree Alvarez, moreover, not only are the disclosures entirely inadequate under the standards set forth in Rule 26, but they are plainly wrong. Ms. Alvarez asserts that she has no knowledge of Mr. Demott, and both Ms. Callahan and Ms. Alvarez assert that they would have provided no information and no assistance to the Anchorage Police Department if the Department had contacted them and requested assistance.[6] Declaration of E. Callahan; Declaration of D. Alvarez Declaration. Moreover, Ms. Callahan insists that she is strictly prohibited by her employer from

---

[6] For Kristi Meyer, Michael Alexander, Lee Ann Gee, Paul Cascio, Nicholas R. Baker, and Cynthia D. Montgomery, Howell's "*Revised Final Discovery Witness List*" indicates that each may be contacted at:
>API
>3700 Piper Street
>Anchorage, AK 99508
>907-269-7100

Exhibit A. In fact, however, none of these individuals is currently employed by the State of Alaska or available to be contacted through API. Decl. of S. Halloran; Exhibit D. Where the defense is unable to contact these individuals, the Municipality has to assume that they are also unavailable to the plaintiff. More importantly, in light of HIPAA, the privacy protections of Alaska's Constitution, and other privacy laws, the Municipality believes that if these witnesses were available, they would similarly testify that they would not have assisted the Anchorage Police if they had been requested to do so when officers were attempting to arrest Demott.

providing expert testimony in any legal proceeding, such that she will not offer any opinions if called to testify in this case. Decl. E Callahan.

As to the unnamed "medical provider(s)" at the VA and the Alaska Native Medical Center (newly added in the latest revision to the final witness list), there wasn't even a pretense of providing a summary of testimony, and Howell has once again failed to meet her burden of disclosing expert witness testimony under Civil Rule 26(a)(2)(A). Nor has she met her burden under Rule 26(a)(1)(A), which requires that she disclose "the name" of each witness. There has not yet been any disclosure of the names of the witnesses identified only as one or more "medical provider(s)" at the Veterans Administration and the Alaska Native Medical Center.

**B.  Civil Rule 37 Bars Any Testimony From Howell's Experts.**

Civil Rule 37(c)(1) gives "teeth" to Rule 26's mandatory disclosure requirements by forbidding the use at trial of any information that is not properly disclosed.[7] In this regard, Rule 37(c)(1) is a "selfexecuting, automatic" sanction designed to provide a strong inducement for disclosure.[8] Moreover, Rule 37(a)(3) explicitly provides that an evasive or incomplete disclosure, answer, or response to a discovery obligation "is to be treated as a failure to disclose, answer, or respond".[9] "The only exceptions to Rule 37(c)(1)'s exclusion sanction apply if the failure to disclose is substantially justified or harmless."[10]

---

[7] *Ollier v. Sweetwater Union High Sch. Dist.,* 768 F.3d 843, 861 (9th Cir. 2014).
[8] *Goodman v. Staples The Office Superstore*, 644 F.3d 817, 827 (9th Cir. 2011).
[9] *Id.*
[10] *Id.*

Motion to Strike Expert Witnesses
*Howell (PR for Demott) v. MOA, et al.*; 3:20-cv-00301-SLG
Page 6 of 8

Case 3:20-cv-00301-SLG   Document 26   Filed 03/16/22   Page 6 of 8

Howell has designated Erin Callahan, Desiree Alvarez, Kristi Meyer, Michael Alexander, Lee Ann Gee, Paul Cascio, Nicholas R. Baker, and Cynthia D. Montgomery as expert witnesses who will testify on her behalf. Because the disclosure of the expert testimony to be offered by these witnesses is wholly inadequate, as addressed above, their testimony is inadmissible under Civil Rule 37(c)(1). Erin Callahan, Desiree Alvarez, Kristi Meyer, Michael Alexander, Lee Ann Gee, Paul Cascio, Nicholas R. Baker, and Cynthia D. Montgomery should be stricken and precluded from testifying at trial accordingly.

In addition, any testimony to be offered by the as-yet unnamed "medical provider(s)" at the Veterans Administration and the Alaska Native Medical Center is similarly inadmissible under Civil Rule 37(c)(1) where neither the identity of the witnesses nor the content of their testimony has been disclosed. The as-yet unnamed "medical provider(s)" should similarly be stricken and precluded from testifying at trial.

Respectfully submitted this 16th day of March, 2022

                PATRICK N. BERGT
                Municipal Attorney

By:    s/Pamela D. Weiss
         Pamela D. Weiss
         Alaska Bar No. 0305022
         Assistant Municipal Attorney
         Blair M. Christensen
         Alaska Bar No. 0311088
         Assistant Municipal Attorney
         Municipal Attorney's Office
         P.O. Box 196650
         Anchorage, Alaska 99519-6650
         Phone: (907) 343-4545
         Fax: (907) 343-4550
         E-mail: uslit@muni.org

<u>Certificate of Service</u>
The undersigned hereby certifies that on <u>03/16/22</u>, a true and correct copy of the foregoing was served on:

Jeffrey J. Barber

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

/s/ Cathi Russell
Cathi Russell, Legal Secretary
Municipal Attorney's Office